IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

DONALD G. CARROLL, JR.,

              Plaintiff,

v.

FAIRBANKS CORRECTIONAL
CENTER, et al.,

              Defendants.

Case No. 4:25-cv-00028-SLG

**ORDER OF DISMISSAL UPON SCREENING**

On August 4, 2025, self-represented pretrial detainee Donald George Carroll, Jr. ("Plaintiff") filed a civil complaint, a civil cover sheet, and an application to waive prepayment of the filing fee,[1] and on August 14, Plaintiff filed a motion for discovery.[2] Plaintiff's claims relate to events that allegedly occurred while he was detained at the Fairbanks Correctional Center ("FCC") in the custody of the Alaska Department of Corrections ("DOC"). Plaintiff's Complaint alleges that on or about July 10, 2025, around 3:30 p.m., DOC Nurse Wagner informed Correctional Officer ("CO") Townsend that Plaintiff needed dry clothing after Plaintiff's clothing became wet during a medical appointment.[3] Plaintiff claims that after dinner, around 5 p.m., he asked CO Townsend when he would receive his dry clothing, and CO

---

[1] Dockets 1-3.

[2] Docket 4.

[3] Docket 1 at 13.

Townsend responded that he did not need dry clothing and slammed a door in his face.[4] At 5:05 p.m., Plaintiff completed a Request for Information ("RFI") form regarding the clothing request.[5] Plaintiff alleges that CO Townsend ripped the form out of his hand and tore the document in half, causing a paper cut.[6] According to the allegations and attached records, another officer promptly taped the RFI form back together and provided it to Plaintiff along with a grievance form. At some point, Plaintiff received dry clothing.[7] Plaintiff names CO Townsend and FCC as Defendants and requests $50,000 in damages from each Defendant.[8]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, the Complaint fails to adequately state a claim for which relief may be granted. The Court further finds that granting Plaintiff leave to file an amended complaint would be futile, as no additional facts could be alleged that would amount to a plausible constitutional violation.[9] Therefore, this case is DISMISSED. This dismissal counts as a strike under the 28 U.S.C. § 1915(g), which may limit Plaintiff's ability to bring future civil rights cases in federal court.

---

[4] Docket 1 at 13.

[5] Docket 1-2 at 4.

[6] *Id.; see also* Docket 1-4 at 1.

[7] Docket 1-4 at 1.

[8] Docket 1 at 5.

[9] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations).

Case No. 4:25-cv-00028-SLG, *Carroll v. Fairbanks Correctional Center, et al.*
Order of Dismissal Upon Screening
Page 2 of 10
Case 4:25-cv-00028-SLG    Document 6    Filed 12/29/25    Page 2 of 10

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[10] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[11]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[12] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[13] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters

---

[10] 28 U.S.C. §§ 1915, 1915A.

[11] 28 U.S.C. § 1915(e)(2)(B).

[12] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[13] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

Case No. 4:25-cv-00028-SLG, *Carroll v. Fairbanks Correctional Center, et al.*
Order of Dismissal Upon Screening
Page 3 of 10
Case 4:25-cv-00028-SLG   Document 6   Filed 12/29/25   Page 3 of 10

of judicial notice.[14] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[15]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[16] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[17]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[18] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[19] Although a federal court must construe complaints filed by self-represented plaintiffs filings liberally, a court

---

[14] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[15] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[16] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[17] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[18] Fed. R. Civ. P. 8(a)(2).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Case No. 4:25-cv-00028-SLG, *Carroll v. Fairbanks Correctional Center, et al.*
Order of Dismissal Upon Screening
Page 4 of 10
Case 4:25-cv-00028-SLG    Document 6    Filed 12/29/25    Page 4 of 10

cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim.[20] A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[21]

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statute.[22] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[23] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[24] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[25]

---

[20] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[21] *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

[22] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[23] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[24] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002). *See also* Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[25] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

Case No. 4:25-cv-00028-SLG, *Carroll v. Fairbanks Correctional Center, et al.*
Order of Dismissal Upon Screening
Page 5 of 10
Case 4:25-cv-00028-SLG   Document 6   Filed 12/29/25   Page 5 of 10

### A. Plaintiff cannot bring claims against the State of Alaska or State Departments - Department of Corrections ("DOC")

A defendant in a civil rights lawsuit must be a "person."[26] Further, the Eleventh Amendment to the U.S. Constitution protects states and state instrumentalities—the "arms of the state" such as the State's governmental branches, divisions, offices, and departments—from being sued in federal court unless the state has waived its immunity.[27] The State has not waived immunity for civil rights claims alleging violations of the federal Constitution in federal court. Therefore, Plaintiff's claim against FCC cannot be maintained in federal court and must be dismissed with prejudice.

### B. Plaintiff's due process claims

Accepting plaintiff's allegations as true—as the Court is required to do when screening a complaint—the Complaint fails to state a plausible civil rights claim. A pretrial detainee may bring a claim under the Fourteenth Amendment regarding the conditions of confinement.[28] But to maintain such a claim, a plaintiff must allege facts showing that a correctional officer acted in a manner that "create[ed] a substantial and obvious risk of serious harm."[29] While CO Townsend's alleged conduct is inappropriate and unprofessional, short-term discomfort,

---

[26] 42 U.S.C. § 1983.

[27] *Doe v. Regents of the Univ. of Calif.*, 891 F.3d 1147, 1153 (9th Cir. 2018); *Alabama v. Pugh*, 348 U.S. 781 (1978).

[28] *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018).

[29] *D'Braunstein v. Cal. Highway Patrol*, 131 F.4th 764, 7712 (9th Cir. 2025).

Case No. 4:25-cv-00028-SLG, *Carroll v. Fairbanks Correctional Center, et al.*
Order of Dismissal Upon Screening
Page 6 of 10
Case 4:25-cv-00028-SLG   Document 6   Filed 12/29/25   Page 6 of 10

inconvenience, or unpleasantness—without more—does not implicate constitutional protections.[30] Verbal abuse alone is not sufficient to state a constitutional violation.[31] Temporary wet clothing, absent any evidence of resulting harm such as hypothermia or illness, does not rise to the level of a constitutional violation. Similarly, the alleged paper cut resulting from the torn grievance form is a *de minimis* injury insufficient to support a constitutional claim.[32] Accordingly, Plaintiff fails to state a due process claim based on conditions of confinement or excessive force.

To the extent Plaintiff seeks to challenge the DOC's grievance procedure or bring any claims related to how his grievance was handled, the Complaint also fails to state a claim. Plaintiff is not entitled to any particular response to his grievance or to have his grievance handled in a particular manner.[33] Plaintiff has not demonstrated that CO Townsend successfully hindered Plaintiff's efforts to pursue his grievance. The fact that the RFI was ultimately reassembled and Plaintiff was provided a grievance form sed belies any claims that Plaintiff was denied access to the grievance process. Additionally, Plaintiff does not allege that

---

[30] *See Beaty v. Berry*, 145 F.3d 1336 (9th Cir. 1998) ("[Plaintiff's] contention that he was verbally harassed is not sufficient to state a constitutional deprivation.").

[31] *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) ("As for being subjected to abusive language ... [v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") (citation omitted).

[32] *Oliver v. Keller,* 289 F.3d 623, 630 (9th Cir. 2002).

[33] *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir. 2003) (explaining that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure")

Case No. 4:25-cv-00028-SLG, *Carroll v. Fairbanks Correctional Center, et al.*
Order of Dismissal Upon Screening
Page 7 of 10
Case 4:25-cv-00028-SLG   Document 6   Filed 12/29/25   Page 7 of 10

the officer's actions were taken because of Plaintiff's protected conduct or that the conduct would chill a person of ordinary firmness from exercising First Amendment rights.[34]

For these reasons, Plaintiff's Complaint must be dismissed. Although leave to amend should be liberally granted, an amended complaint may only allege "other facts consistent with the challenged pleading."[35] Here, the alleged adverse actions—verbal yelling, tearing a grievance from that was later restored, a paper cut, and a delay in receiving dry clothing—are insufficient to state a plausible constitutional violation. Upon review, the Court finds amendment would be futile. Therefore, the complaint is DISMISSED.

### C. Personal Injury and Emotional Distress

Personal injury and emotional distress claims are not found in the U.S. Constitution; nor are they federal statutory claims. Rather, they are grounded in state law and are typically addressed in state court. A federal court may exercise supplemental jurisdiction over related state law claims that "form part of the same case or controversy" as a federal clam, but a plaintiff must first have a cognizable claim for relief under federal law.[36] Here, Plaintiff has not stated any federal claims, therefore, the Court will not exercise supplemental jurisdiction over any state law claims.

---

[34] *See Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir. 2005).

[35] *Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296–97 (9th Cir. 1990).

[36] 28 U.S.C. § 1367(a).

Case No. 4:25-cv-00028-SLG, *Carroll v. Fairbanks Correctional Center, et al.*
Order of Dismissal Upon Screening
Page 8 of 10
Case 4:25-cv-00028-SLG   Document 6   Filed 12/29/25   Page 8 of 10

### III. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[37] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[38] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[39] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[40] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[41] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[42]

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED.**

---

[37] 28 U.S.C.A. § 1915(g).

[38] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[39] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[40] *Andrews,* 493 F.3d at 1056 (cleaned up).

[41] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[42] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 4:25-cv-00028-SLG, *Carroll v. Fairbanks Correctional Center, et al.*
Order of Dismissal Upon Screening
Page 9 of 10
Case 4:25-cv-00028-SLG   Document 6   Filed 12/29/25   Page 9 of 10

2. All pending motions are **DENIED as moot.**

3. This dismissal counts as a **STRIKE** under 28 U.S.C.§ 1915(g).

4. The Clerk shall issue a final judgment and close this case.

DATED this 29th day of December, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 4:25-cv-00028-SLG, *Carroll v. Fairbanks Correctional Center, et al.*
Order of Dismissal Upon Screening
Page 10 of 10
Case 4:25-cv-00028-SLG    Document 6    Filed 12/29/25    Page 10 of 10